**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David C. WILSON, Defendant–Appellant.**

**No. 00–50713.**
**D.C. No. CR–00–00074–MJL.**

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

### MEMORANDUM **

David C. Wilson appeals the judgment entered by the district court following his conditional guilty plea to importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Wilson contends that 21 U.S.C. § 960 is unconstitutional following the Supreme

---

* This panel unanimously finds this case suitable for decision without oral argument; accordingly, Wilson's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Wilson also contends that his due process rights were violated because the government did not prove that he knew the type and quantity of the imported controlled substance. These contentions are foreclosed by our recent decisions in *United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–10 (9th Cir.2002) (concluding that § 960 is not facially unconstitutional), and *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002) (rejecting appellant's argument that the government was required to prove that he knew the type and amount of the imported controlled substance).[1]

AFFIRMED.

---

1. All outstanding motions are denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.